FW 000311

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2014 JUL 28  AM 10: 09

CLERK OF COURT

ORIGINAL

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

ANDREW GONZALEZ )
*Plaintiff.* )
)
v. )
)
STELLAR RECOVERY, INC. )
*Defendant.* )
)
)
)

CIVIL ACTION NO.

4 - 14 C V - 5 8 1  Y

TRIAL BY JURY DEMANDED

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Andrew Gonzalez, complains of Stellar Recovery, Inc. Defendant, and for cause of action would respectfully show as follows:

## NATURE OF ACTION

1. This is an action for damages brought by individual, Plaintiff Andrew Gonzalez against Defendant Stellar Recovery, Inc., for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii).

2. Plaintiff contends that the Defendant has violated such laws by calling Plaintiffs cellular telephone with recorded messages using an automatic telephone dialing system.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 47 U.S.C. §227(f)(2).

4. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state, to wit debt collection.

5. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(f)(4) .

6.  Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

7.  All conditions precedent to the bringing of this action, have been performed.

## PARTIES

8.  The Plaintiff in this lawsuit is Andrew Gonzalez, a natural person and a citizen of Tarrant County, Texas.

9.  Defendant in this lawsuit is Stellar Recovery, Inc. (herein after "SRI") a debt collection company with principal office at 4500 Salisbury Road, Suite 105, Jacksonville, FL 32216.

10. SRI is registered with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101 to engage in debt collection activities in Texas.

11. SRI may be served with process by serving its registered agent for service of process: Brant Abraham Reiter McCormick & Johnson, 50 North Laura Street, Suite 2750, Jacksonville, FL 32202.

12. SRI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. SRI is in the business of collecting consumer debts using the mails and telephone and regularly collects, or attempts to collect, consumer debts owed, or alleged to be owed, to another person.

## FACTUAL ALLEGATIONS

14. On **June 17, 2014 at 01:32 p.m.**, Defendant SRI called the Plaintiff's wireless cell phone (815) 516-6677 from telephone number (877) 236-5791. **(Exhibit A)**

15. On **June 18, 2014 at 10:18 a.m.**, Defendant SRI called the Plaintiff's wireless cell phone (815) 516-6677 from telephone number (877) 236-5791. **(Exhibit B)**

16. On **June 19, 2014 at 01:56 p.m.**, Defendant SRI called the Plaintiff's wireless cell phone (815) 516-6677 from telephone number (877) 236-5791. **(Exhibit C)**

17. Refer to ¶16, Plaintiff answered the telephone call and was greeted with a recorded message requesting to speak with someone other than Plaintiff.

18. On **June 20, 2014 at 09:27 a.m.**, Defendant SRI called the Plaintiff's wireless cell phone (815) 516-6677 from telephone number (877) 236-5791. **(Exhibit D)**

19. On **June 20, 2014 at 04:00 p.m.**, Defendant SRI called the Plaintiff's wireless cell phone (815) 516-6677 from telephone number (877) 236-5791. **(Exhibit E)**

20. On **June 23, 2014 at 11:33 a.m.**, Defendant SRI called the Plaintiff's wireless cell phone (815) 516-6677 from telephone number (815) 516-1219. **(Exhibit F)**

21. On **June 24, 2014 at 02:25 p.m.**, Defendant SRI called the Plaintiff's wireless cell phone (815) 516-6677 from telephone number (877) 236-5791. **(Exhibit G)**

22. On **June 24, 2014 at 06:47 p.m.**, Defendant SRI called the Plaintiff's wireless cell phone (815) 516-6677 from telephone number (877) 236-5791. **(Exhibit H)**

23. Refer to ¶22, Plaintiff answered the telephone call and was greeted with a recorded message attempting to contact someone other than Plaintiff and stating to contact Stellar Recovery at telephone number (877) 236-5791.

24. On **June 25, 2014 at 11:39 a.m.**, Defendant SRI called the Plaintiff's wireless cell phone (815) 516-6677 from telephone number (815) 516-1219. **(Exhibit I)**

25. On **June 25, 2014 at 03:34 p.m.**, Defendant SRI called the Plaintiff's wireless cell phone (815) 516-6677 from telephone number (815) 516-1219. **(Exhibit J)**

26. Refer to ¶25, Plaintiff answered the telephone call and was greeted with a recorded message stating please hold for a representative.

27. On **June 26, 2014 at 02:13 p.m.**, Defendant SRI called the Plaintiff's wireless cell phone (815) 516-6677 from telephone number (877) 236-5791. **(Exhibit K)**

28. On **June 26, 2014 at 06:57 p.m.**, Defendant SRI called the Plaintiff's wireless cell phone (815) 516-6677 from telephone number (877) 236-5791. **(Exhibit L)**

29. **Refer to Exhibits A through L**; in each telephone communication, Defendant SRI used an automatic telephone dialing system to dial Plaintiff's wireless cellular phone in an attempt contact someone other than Plaintiff.

30. **Refer to Exhibits A through L**; in each telephone communication, Defendant SRI used a telephone dialing system with the **capacity** to automatically dial Plaintiff's wireless cellular phone in an attempt to contact someone other than Plaintiff. **(Emphasis Added)**.

31. **Refer to Exhibits A through L**; in each telephone communication, Defendant SRI attempted to contact someone other than Plaintiff were for a non-emergency purpose.

32. At no time has the Plaintiff given his express consent, written or otherwise, to Defendant SRI to call his wireless cell phone number (815) 516-6677.

33. Plaintiff has no prior or present established relationship with Defendant SRI.

34. Plaintiff has no contractual obligation to pay Defendant SRI any alleged consumer debt.

35. On June 26, 2014 Plaintiff sent a letter via United States Postal Service Certified Mail informing Defendant SRI said actions were a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii). This was in an effort to amicably resolve the matter prior to litigation.

36. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. §227(b)(1)(A) BY DEFENDANT STELLAR RECOVERY, INC.**

37. Paragraphs 1 through 36 are re-alleged as though fully set forth herein.

38. Plaintiff and Defendant SRI do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

39. Defendant SRI called Plaintiff's cellular telephone using an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(a)(1).

40. In each telephone communication referenced in ¶14 through ¶16, ¶18 through ¶22, ¶24, ¶25, ¶27 and ¶28, Defendant SRI has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the **capacity** to automatically call the Plaintiff's cellular telephone number (815) 516-6677, which is assigned to a cellular telephone service **with no prior express consent and for no emergency purpose**.

41. 47 U.S.C. §227(b)(1)(A) which states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be **unlawful for any person** within the United States, or any person outside the United States if the recipient is within the United States—

> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding *such other and further relief as the Court may deem just and proper*.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii)  BY DEFENDANT STELLAR RECOVERY, INC.

42. Plaintiff alleges and incorporates the information in paragraphs 1 through 41.

43. In each telephone communication referenced in ¶14 through ¶16, ¶18 through ¶22, ¶24, ¶25, ¶27 and ¶28, Defendant SRI has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the **capacity** to automatically call the Plaintiff's cellular telephone number  (815) 516-6677, which is **assigned to a cellular telephone service**.

44. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> (iii) **to any telephone number assigned** to a paging service, *cellular telephone service, specialized mobile radio service*, or other radio common carrier service, or any service for which the called party is charged for the call;

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

e) Adjudging that *Defendant violated the Telephone Consumer Protection* Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

f) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

g) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part:  If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

h) *Awarding such other and further relief as the Court may deem just* and proper.

## COUNT III

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii)  BY DEFENDANT STELLAR RECOVERY, INC.

45. Plaintiff alleges and incorporates the information in paragraphs 1 through 44.

46. In telephone communications referenced in ¶16, ¶22, and ¶25, Defendant SRI has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the **capacity** to automatically call the Plaintiff's cellular telephone number (815) 516-6677, which the **Plaintiff was charged for the telephone calls**.

47. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(B) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system or an artificial or prerecorded voice—

(iii) **to any telephone number assigned** to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, **or any service for which the called party is charged for the call;**

**WHEREFORE,** Plaintiff prays for relief and judgment, as follows:

i) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

j) Awarding Plaintiff *statutory damages, pursuant to 47 U.S.C §227(b)(3)(B)*; which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

k) Awarding Plaintiff *statutory damages, pursuant to 47 U.S.C §227(b)(3)(C)*; which states in part:  If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

l) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

*Plaintiff is entitled to and hereby demands trial by jury.*

Dated:  July 28, 2014

Respectfully Submitted,

Andrew Gonzalez
416 Chatamridge Court
Fort Worth, TX 76052
(817) 975-5655
gonandrew@yahoo.com





EXHIBIT

A



Y..ıl                          09:55

View (9/18)

Missed Calls
Unregistered
18772365791

Date : 06/18/2014
Time : 10:18 am

Call          Message



EXHIBIT

B





**EXHIBIT**

C



View (4/18)

Missed Calls
[2x]Unregistered
18772365791

Date : 06/20/2014
Time : 09:27 am

Call   Message

EXHIBIT
D



EXHIBIT

_E_





EXHIBIT

F





EXHIBIT

G





**EXHIBIT**

H





EXHIBIT

I



**EXHIBIT**

J





EXHIBIT

K





# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andrew Gonzalez

**DEFENDANTS**
Stellar Recovery, Inc.

**(b)** County of Residence of First Listed Plaintiff    Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Duval
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

4-14CV-581 Y

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                         *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
*(specify)*

☐ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii)
Brief description of cause:
Violations of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*   JUDGE                      DOCKET NUMBER

DATE
07/28/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  FW022311   AMOUNT  400 00   APPLYING IFP   JUDGE   MAG. JUDGE